UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENITO SAN-MIGUEL,

              Petitioner,

vs.                            Case No. 3:16-cv-891-J-39PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

              Respondents.

_____

## **ORDER**

### I.  **INTRODUCTION**

Petitioner Benito San-Miguel, challenges a 2013 Putnam County conviction for sexual battery on a person less than twelve years of age in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).[1]  In this Petition, he raises five grounds for habeas relief.  Respondents filed a Response to Petition (Response) (Doc. 10).  Petitioner filed a Response to State's Response (Reply) (Doc. 14).  See Order (Doc. 8).

_____

[1] The Court will reference the page numbers assigned by the electronic docketing system where applicable.

## II.  CLAIMS OF PETITION

Petitioner raises five grounds in the Petition: (1) the trial court erred by allowing Misty Powers to testify as a <u>Williams</u>[2] Rule witness; (2) the ineffective assistance of counsel for allowing Petitioner to enter a plea to a defective information; (3) the ineffective assistance of counsel for failure to object to a defective information; (4) the ineffective assistance of counsel for failure to investigate or depose law enforcement and for failure to object to the probable cause affidavit; and (5) the ineffective assistance of counsel for failure to demand a speedy trial.

## III.  EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or otherwise precludes habeas relief.  <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007).  It is a petitioner's burden to establish the need for a federal evidentiary hearing, and here, Petitioner has not met the burden.  <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011), <u>cert</u>. <u>denied</u>, 565 U.S. 1120 (2012).  The pertinent facts are fully developed in this record or the record otherwise precludes habeas relief.  In this case, the Court is able to "adequately assess [Petitioner's] claim[s] without further

_____

[2] <u>Williams v. State</u>, 110 So.2d 654 (Fla.), <u>cert</u>. <u>denied</u>, 361 U.S. 847 (1959).

factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Thus, the Court will review the five grounds raised in the Petition, see Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010) ("The district court must resolve all claims for relief raised on collateral review, regardless of whether relief is granted or denied.") (citing Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) and Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009)), but no evidentiary proceeding will be conducted.

### IV.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017). This narrow scope of review under AEDPA provides for habeas relief only if there are extreme malfunctions, certainly not to be used as a means to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

Federal courts may grant habeas relief if:

> the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or

> "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).
>
> A state court's decision rises to the level of an unreasonable application of federal law only where the ruling is "objectively unreasonable, not merely wrong; even clear error will not suffice." Virginia v. LeBlanc, 582 U.S. ----, ----, 137 S.Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (per curiam) (quoting Woods v. Donald, 575 U.S. ----, ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam)). This standard is "meant to be" a difficult one to meet. Harrington v. Richter, 562 U.S. 86, 102, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Rimmer v. Sec'y, Fla. Dep't of Corr., 876 F.3d 1039, 1053 (11th Cir. 2017), petition for cert. docketed by (U.S. Mar. 9, 2018) (No. 17-8046).

"We also must presume that 'a determination of a factual issue made by a State court [is[ correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." Morrow v. Warden, 886 F.3d 1138, 1147 (11th Cir. 2018). Additionally, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert. denied, 568 U.S. 1233 (2013).

Recently, in Wilson v. Sellers, 138 S.Ct. 1188, 1194 (2018), the Supreme Court concluded there is a "look through" presumption

in federal habeas law, as silence implies consent.  <u>See</u> <u>Kernan v.</u> <u>Hinojosa</u>, 136 S.Ct. 1603, 1605-606 (2016) (per curiam) (adopting the presumption silence implies consent, but refusing to impose an irrebutable presumption).  This presumption is employed when a higher state court provides no reason for its decision; however, it is just a presumption, not an absolute rule.  <u>Wilson</u>, 138 S.Ct. at 1196.  "Where there are convincing grounds to believe the silent court had a different basis for its decision than the analysis followed by the previous court, the federal habeas court is free, as we have said, to find to the contrary."  <u>Id</u>. at 1197.

Being mindful of the Supreme Court's recent guidance, this Court will undertake its review.  If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."  <u>Id</u>. at 1192. But, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, for example the decision simply states affirmed or denied, a federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale."  <u>Id</u>.  At this stage, the federal court presumes the unexplained decision adopted the same reasoning as the lower court; however, the presumption is not irrebutable.  <u>Id</u>.  <u>See</u> <u>Hinojosa</u>, 136 S.Ct. at 1606 (strong evidence

may refute the presumption). Indeed, the state may rebut the presumption by showing the higher state court relied or most likely relied on different grounds than the lower state court, "such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." Wilson, 138 S.Ct. at 1192.

Although the § 2254(d) standard is difficult to meet, the standard is meant to be difficult. Rimmer, 876 F.3d at 1053 (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error). When applying the stringent AEDPA standard, state court decisions must be given the benefit of the doubt. Trepal v. Sec'y, Fla. Dep't of Corr., 684 F.3d 1088, 1107 (11th Cir. 2012) (quotation and citations omitted), cert. denied, 568 U.S. 1237 (2013).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on his Sixth Amendment claims, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). A counsel's performance is deficient only if counsel's "identified acts or omissions were outside the wide range of professionally

competent assistance." Id. at 690.  And importantly, with regard to the establishment of prejudice requirement, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." Id. at 694.

Finally, in order to prevail on a claim of ineffective assistance of counsel, both parts of the Strickland test must be satisfied. Bester v. Warden, Att'y Gen. of the State of Ala., 836 F.3d 1331, 1337 (11th Cir. 2016) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)), cert. denied, 137 S.Ct. 819 (2017).  However, a court need only address one prong, and if it is found unsatisfied, the court need not address the other prong.  Id.

## VI.  TIMELINESS

Petitioner initiated this action by filing his Petition.  The Court Clerk file-stamped the Petition on July 11, 2016.  Petition at 1.  The Petition has a date stamp showing it was turned over to the prison authorities for mailing on July 5, 2016.  Id.

Under AEDPA, there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United
> States is removed, if the applicant
> was prevented from filing by such
> State action;
>
> (C) the date on which the
> constitutional right asserted was
> initially recognized by the Supreme
> Court, if the right has been newly
> recognized by the Supreme Court and
> made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual
> predicate of the claim or claims
> presented could have been discovered
> through the exercise of due
> diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the
> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

Respondents contend Petitioner has not complied with the one-year period of limitation as set forth in this subsection. Response at 6-7. In support of their contention, they have submitted an Appendix (Doc. 10).[3]

On January 7, 2014, the Fifth District Court of Appeal (5th DCA) affirmed Petitioner's judgment of conviction. Ex. F. The mandate issued on January 31, 2014. Ex. G. As such, his

---

[3] The Court hereinafter refers to the exhibits in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced.

conviction became final on April 7, 2014 (ninety days after the affirmance on appeal). <u>See</u> Supreme Court Rule 13.3; <u>Clay v. United States</u>, 537 U.S. 522 (2003).

The statute of limitations period began to run on April 8, 2014, and ran for a period of 73 days, until Petitioner filed a Rule 3.850 motion on June 20, 2014, pursuant to the mailbox rule.[4] Ex. H. After the filing of the Rule 3.850 motion, the limitation period remained tolled until the mandate issued on September 18, 2015. The limitations period began to run on September 19, 2015,

---

[4] The Court will give inmate petitioners the benefit of the mailbox rule with respect to *pro se* state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d). <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). Respondents assert that the Rule 3.850 motion was filed on June 27, 2014, as that is the date the motion was filed with the state court clerk. Response at 6. <u>See</u> Ex. H at 3. Respondents aver that Petitioner is not entitled to the mailbox rule because the motion fails to reflect a specific date it was submitted to the prison authorities and fails to include a certificate of service other than June, 2014. Response at 6. They submit a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, and that date is assumed to be the date it is signed, relying on <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (2001); <u>Thompson v. State</u>, 761 So.2d 324 (Fla. 2000). The Court is unpersuaded by Respondents' argument that the Petition is untimely filed. Petitioner signed the Rule 3.850 motion, the memorandum of law, and the certificate of service. Ex. H at 19, 42-43. The record shows the Rule 3.850 motion and supporting memorandum are accompanied by a notarized document which states Miguel Benito, being duly sworn, has read the motion for post conviction relief, and claims the matters in the motion are true and correct. <u>Id</u>. at 44. The document is signed by the prison notary and dated June 20, 2014. <u>Id</u>. Apparently, Miguel Benito provided his inmate identification to the notary, as stated in the document. <u>Id</u>.

and ran for a period of 290 days, until Petitioner filed his federal Petition on July 5, 2016, pursuant to the mailbox rule.

Based on the record before the Court, Petitioner provided his identification to the notary on June 20, 2014. At that point he presumably handed the Rule 3.850 motion and supporting memorandum of law to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. at 276. The Court will give Petitioner the benefit of the mailbox rule with respect to this inmate *pro se* filing when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

Based on the above calculation, the Court finds the Petition was timely filed on July 5, 2016, pursuant to the mailbox rule. Consequently, Respondents' request to dismiss the Petition as untimely is due to be denied.

## VII. EXHAUSTION/PROCEDURAL DEFAULT

In his first ground for habeas relief, Petitioner claims the trial court erred by allowing Misty Powers to testify as a Williams Rule witness. Petition at 4. Petitioner asserts that as a result of this trial court error, the state obtained the conviction in violation of Petitioner's Sixth and Fourteenth Amendment rights to confrontation and substantive and procedural due process of law. Id. Respondents aver that ground one is procedurally defaulted because Petitioner never presented his federal constitutional claims to the state court, and any attempt to do so now would be untimely and barred. Response at 8.

This Court must ask whether the constitutional claims were raised in the state court proceedings and whether the state court was alerted to the federal nature of the claims. <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004). The record demonstrates the following. On direct appeal, Petitioner raised one issue: the trial court erred in allowing Misty Powers to testify as a <u>Williams</u> rule witness. Ex. D at i. In raising this state evidentiary claim, Petitioner did not refer to any federal constitutional rights, did not give citation to federal law, nor did he rely upon state cases that relied on federal law. <u>Id</u>. at ii. Instead, he referred to and relied upon Florida case law and statutes to challenge his conviction on direct appeal. <u>Id</u>.

Thus, the record demonstrates Petitioner failed to raise a confrontation claim or substantive or procedural due process claims in his appeal brief. Ex. D. Thus, he did not fairly present a federal claim to the state courts. As such, the federal claims are unexhausted.

It is a well-accepted axiom that a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state court remedies. <u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" <u>Owen v. Sec'y, Dep't of Corr.</u>, 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting <u>Zeigler v.</u>

<u>Crosby</u>, 345 F.3d 1300, 1304 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 558 U.S. 1151 (2010). Here, it is clear that any future attempts at exhaustion would be futile.

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." <u>Martinez v. Ryan</u>, 566 U.S. 1, 10 (2012) (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)). To demonstrate cause, a petitioner must show that some objective factor external to the defense impeded his effort to properly raise the claim in state court. <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999). Petitioner fails to point to any factor external to the defense. If cause is established, a petitioner is also required to demonstrate prejudice. In order to demonstrate prejudice, he must show "that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." <u>Owen</u>, 568 F.3d at 908.

After considering the pleadings before the Court, Petitioner has failed to show cause. In addition, he does not meet the prejudice or manifest injustice exceptions. Although a petitioner may obtain review of the merits of a procedurally barred claim if he satisfies the actual innocence "gateway" established in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), Petitioner has not done so. The gateway is meant to prevent a constitutional error at trial from

causing a miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'" <u>Kuenzel v. Comm'r, Ala. Dep't of Corr.</u>, 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting <u>Schlup</u>, 513 U.S. at 324), <u>cert</u>. <u>denied</u>, 569 U.S. 1004 (2013). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Ala.</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002). With respect to this unexhausted ground, Petitioner has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

In conclusion, the Court finds ground one is unexhausted and procedurally defaulted. As Petitioner has failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the default, ground one is due to be denied as procedurally barred.

## VIII. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Grounds Two, Three and Four

Grounds Two, Three and Four are all related to Petitioner's assertion that he was prosecuted with a defective charging document. In these three grounds, Petitioner claims the ineffective assistance of counsel for allowing Petitioner to enter a plea to a defective information, for failure to object to a defective information, and for failure to investigate or depose law

enforcement and to object to the probable cause affidavit. Petition at 8, 10, 12.

The trial court, before addressing Petitioner's claims of ineffective assistance of counsel, set forth the two-pronged Strickland standard of review for these claims grounded in the Sixth Amendment. Ex. H at 158-59. In its decision, the trial court denied these grounds applying the Strickland standard. The court rejected the claim that defense counsel was ineffective for allowing Petitioner to plea to a defective information, stating:

> Specifically, he [Petitioner] alleges that the Information was defective because: it cited a violation of two statutes within one count; it was not signed by the elected State Attorney; and that the State lacked sworn testimony of material witnesses. The Court finds that the Information was a legally sufficient charging document. Each count of the Information alleged the essential facts constituting the offense charged, recited the statute that Defendant violated, and otherwise was in compliance with Rule 3.140, Florida Rules of Criminal Procedure. The Assistant State Attorney has the authority to sign the Information. Defendant is incorrect in his assertion that the Information lacked the requisite sworn testimony from a material witness. The testimony of material witnesses may be sworn to before anyone authorized to administer oaths and their testimony under oath may be given out of the presence of the Assistant State Attorney. State v. Hartung, 543 So.2d 236 (Fla. 5th DCA 1989).

Ex. H at 159-60.

Based on the same reasoning outlined above, the trial court denied grounds three and four of the Rule 3.850 motion. Id. at 160 (finding ground three of the motion virtually a repetition of the

issue raised in ground two of the motion, and as such, due to be denied for the same reasons, and finding ground four, a claim that law enforcement violated Petitioner's constitutional rights because there was an absence of sworn statements, due to be denied for the same reasons discussed in denying ground two of the motion).

Petitioner exhausted his state court remedies by appealing the denial of his Rule 3.850 motion. On August 25, 2015, the Fifth District Court of Appeal (5th DCA) affirmed the decision of the trial court without opinion. Ex. I. The mandate issued on September 18, 2015. Ex. J.

Upon review of the record, the state filed an information on December 5, 2011, an amended information on February 11, 2013, and a second amended information on February 18, 2013. Ex. A at 5, 50, 52. The Arrest Report contains the sworn statement by a law enforcement officer, Nicole Quintieri. Id. at 1. See Response at 18-19.

The second amended information is signed by the Assistant State Attorney and contains the following:

> Personally appeared before me, CHRISTINA OPSAHL, Assistant State Attorney, for the Seventh Judicial Circuit of the State of Florida, known to me to be the foregoing prosecuting officer, who being duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged. Subscribed in good faith. **Said facts based on testimony of material witnesses.**

- 15 -

<u>Id</u>. at 52 (emphasis added).[5]

Based on all of the above, Petitioner is not entitled to habeas corpus relief on a claim of ineffective assistance of counsel for failure to attack the information. The sworn oath of the prosecutor that he or she received testimony under oath from the material witness or witnesses for the offense is sufficient under Florida law. <u>Bromell v. McNeil</u>, No. 07-61917-CIV, 2008 WL 4540054, at *17 (S.D. Fla. Oct. 10, 2008); <u>Ruiz v. Sec'y, Dep't of Corr.</u>, No. 8:06-cv-2086-T-17TGW, 2008 WL 786327, at *4-*5 (M.D. Fla. Mar. 20, 2008) (rejecting a claim of ineffective assistance of counsel for failure to move for dismissal based on a deficient information, unsupported by a sworn statement of a material witness). In <u>State v. Perkins</u>, 977 So.2d 643, 646 (Fla. 5th DCA 2008), the court explained that an assistant state attorney signing the information charging a felony does not have to personally administer the oath and question the material witness or witnesses upon which the charges are based, but must simply receive and consider the sworn testimony.

Petitioner is not entitled to relief on grounds two, three and four of the Petition, the claims of ineffective assistance of trial counsel. The trial court found counsel did not render deficient

_____

[5] Assuming the second amended information had been dismissed, the state would have simply cured the deficiency by filing a new information. <u>Ford v. Campbell</u>, 697 So.2d 1301, 1303 (Fla. 1st DCA 1997). Petitioner has not, and cannot, allege the second amended information fails to state a crime. Therefore, the trial court was not deprived of jurisdiction.

performance under Strickland, nor did Petitioner demonstrate prejudice. Ex. H at 160. As previously noted, in order to prevail on his claim of ineffective assistance of counsel, Petitioner has to satisfy both parts of the Strickland test. Bester, 836 F.3d at 1337. With respect to these claims, Petitioner failed to do so. The 5th DCA affirmed the decision of the trial court denying these grounds. Ex. I. Therefore, there is a qualifying decision under AEDPA.

Here, AEDPA deference is warranted. The record shows the 5th DCA affirmed the decision of the trial court in denying these grounds, and its decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of these claims is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Therefore, Petitioner is not entitled to habeas relief on grounds two, three and four of the Petition.

## B. Ground Five

In his fifth ground for habeas relief, Petitioner claims the ineffective assistance of counsel for failure to demand a speedy trial. Petition at 14. Respondents note that Petitioner claimed his counsel prejudicially waived his right to speedy trial knowing the state did not have any physical evidence of wrong doing on Petitioner's part. Response at 19.

The record shows, in the Seventh Judicial Circuit, there are blanket notices for participation in discovery in criminal cases.

Ex. H at 165-66. Based on the adoption of this reciprocal discovery demand process, the prosecutor is obligated to provide discovery to the defense, and vice versa. _Id_. Prior to trial, defense counsel also sought discovery by filing a motion to compel, requesting a properly designated witness list, among other things. _Id_. at 167-68. In its order granting the motion, the trial court directed the provision of any unprovided discovery materials by the state. _Id_. at 169.

In denying post conviction relief, the trial court found defense counsel's performance was not rendered deficient for failing to take depositions at an earlier date and for failing to demand a speedy trial. _Id_. at 160-61. The court explained:

> Pursuant to Administrative Order, the State Attorney's Office automatically provides discovery documents to the Office of the Public Defender without need for formal notice of intent to participate in discovery (See **Appendix B**, Administrative Order W-2009-015). Except for a formal witness list, all items of discovery were provided to Trial Counsel when the Information was filed. The Motion to Compel filed on behalf of Defendant was narrowly tailored to demand a formal witness list (See **Appendix C**, State's 4). Trial Counsel would not have had a good faith basis to seek judicial action beyond the filing of that Motion. The first prong of Strickland has not been met. Additionally, the second prong has not been met as there is no clear showing of prejudice. In response to Defendant's Motion to Compel, the Court entered an Order directing the State to comply with discovery (See **Appendix D**, State's 5). **Ground Five is denied.**

Ex. H at 160-61 (emphasis in original).

Thus, in denying this claim for relief, the trial court concluded that Petitioner failed to satisfy the requirements of Strickland.[6] The 5th DCA affirmed. Ex. I.

In this instance, deference under AEDPA should be given to the last adjudication on the merits provided by the 5th DCA. Ex. I. Given due consideration, its decision is not inconsistent with Supreme Court precedent, including Stickland and its progeny. The state court's adjudication of this claim is not contrary to or an

---

[6] Petitioner was not prejudiced by the actions of defense counsel. The record shows the state obtained no physical evidence against Petitioner during the course of the pre-trial proceedings. At trial, the child victim testified he had been sexually abused by Petitioner in the family home. Ex. B at 46-64. The state did not present any physical evidence of abuse at trial. Ex. B. Also of import, as the court noted in denying the post conviction motion, the trial court granted the motion to compel discovery with respect to any discovery to which the defendant was entitled and had not been provided. Ex. H at 169. Moreover, Petitioner's contention that the delay gave the victims time to corroborate their stories, does not save the day. See Petition at 15. The child victim's sister, Misty Powers, provided Williams Rule testimony at trial; she described the abuse as intra-familial; she testified she was first to raise allegations against Petitioner concerning sexual conduct in the family environment, and she attested she first raised these allegations on October 1, 2011; and finally, Misty Powers testified once she raised allegations of abuse, the child victim also revealed he had been sexually abused by Petitioner. Ex. B at 67-82, 90. Although Petitioner points to a reference to a medical examination of the victim, see Reply at 36, Exhibits to Reply (Doc. 14-1 at 36), the state expert testified that any sexual assault examination undertaken seventy-two to ninety-six hours after sexual contact would not provide evidence. Ex. B at 91-92. Upon review, the sexual conduct occurred between January 1, 2002 and October 1, 2011. Ex. A at 52. An April 13 medical examination, following the revelation of abuse on October 1, 2011, would not have been within the crucial time period to provide evidence of abuse as it was well over six months after the revelation of same. Again, Petitioner has failed to demonstrate prejudice.

unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. As such, ground five is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**.

2.    This action is **DISMISSED WITH PREJUDICE.**

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[7] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of

May, 2018.

_____
BRIAN J. DAVIS
United States District Judge


sa 5/8
c:
Benito San-Miguel
Counsel of Record